UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-165-BO
No. 5:10-CV-139-BO

| | | |
|---|---|---|
| GERALD GRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. § 2255 and Respondent's Motion to Dismiss, or in the

alternative, Motion for Summary Judgment. For the reasons below, Petitioner's Motion to

Vacate is DENIED. Respondent's Motion to Dismiss is GRANTED.

BACKGROUND

On April 9, 2007, pursuant to a plea agreement, Petitioner pled guilty to possession of a

firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) and 924. According to the Presentence

Report ("PSR"), Petitioner had committed ten different breaking and enterings, at ten different

locations, and did so on eight different days. PSR, at ¶¶ 10-20. Petitioner was therefore

designated as an armed career criminal, and subject to a mandatory minimum sentence of 180

months. On March 5, 2008, Petitioner was sentenced to a term of 180 months imprisonment. On

March 6, 2008, Petitioner filed a notice of appeal challenging his status as an armed career

offender. Petitioner did not appeal the voluntariness and intelligence of his guilty plea. On April

6, 2009, the United States Court of Appeals for the Fourth Circuit affirmed the decision of this

Court. The judgment of the Fourth Circuit took effect on April 28, 2009. Petitioner did not seek

petition for writ of certiorari in the Supreme Court of the United States. On April 8, 2010,

Petitioner filed the instant motion seeking collateral review of his conviction pursuant to 28

U.S.C. § 2255, challenging his attorney's law work and claiming that his guilty plea and plea

agreement with the Government was not knowing, voluntary, and intelligent.

## DISCUSSION

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure

tests the legal sufficiency of the complaint. *See Papasan v. Allain*, 478 U.S. 265, 283 (1986).

When reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded

allegations and should view the complaint in the light most favorable to the plaintiff." *Mylan

Labs., Inc. v. Matkari*, 7 F.3d. 1130, 1134 (4th Cir. 1993).

To state a claim for relief under § 2255, a federal defendant must prove that one of the

following occurred: (1) the sentence was "imposed in violation of the Constitution or laws of the

United States"; (2) The "court was without jurisdiction to impose such sentence"; or (3) the

"sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral

attack." 28 U.S.C. § 2255(a). In a § 2255 motion, the defendant bears the burden of proving

grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261

F.2d 546, 547 (4th Cir. 1958).

Petitioner first alleges ineffective assistance of counsel. In order to prevail on a claim for

ineffective assistance of counsel, a petitioner must show that his attorney's representation fell

below an objective standard of reasonableness and that, but for that deficiency, the result would

have been different. *Strickland v. Washington*, 466 U.S. 668, 687-91, 694 (1984). Failure to

satisfy either standard is fatal to an ineffective assistance claim and must result in dismissal. *Id.*

at 691. Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985). When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988), *cert. denied*, 488 U.S. 843 (1988).

In this case however, Petitioner fails on both accounts. First, in Petitioner's § 2255, he admits that counsel made a number of meaningful objections. However, Petitioner spends a great deal of time attempting to re-litigate whether he should be considered an armed career offender. This issue was decided by this Court and previously affirmed by the Court of Appeals. As such, a § 2255 is not the appropriate venue to once again re-litigate his status. The evidence in the record suggests that Petitioner's counsel aggressively argued on his behalf. Therefore, Petitioner's Motion to Vacate for ineffective assistance of counsel is DENIED.

Petitioner's remaining claims have to do with whether his plea was knowing and voluntary; whether his waiver of appeal in the plea agreement was voluntary and knowingly; and whether this Court complied with Rule 11 of the Federal Rules of Criminal Procedure. Petitioner could have raised these issues on direct appeal but did not. A § 2255 motion cannot do service for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982). Therefore, he has procedurally defaulted on his claim that his guilty plea was not knowing, intelligently, and voluntarily entered. *See Bousley v. United States*, 523 U.S. 614, 621 (1998)("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

Even if his claims were not procedurally defaulted, they would still fail as Petitioner can only prevail if he can show either (i) cause excusing his failure to raise the claim on

direct appeal and prejudice resulting therefrom, or (ii) actual innocence. *Bousley*, at 622-24.

Again, Petitioner has not met either prong of this requirement. Petitioner has not set forth a valid

reason for not raising these issues on appeal, nor does he claim actual innocence in his § 2255.

This Court fully informed Petitioner of his rights at his Rule 11 hearing. Petitioner

acknowledged that he understood his rights, he said he was willing to waive his right to a trial

and wanted to plead guilty. Petitioner then pled guilty and when this Court asked if he was in

fact guilty, he answered in the affirmative. Petitioner has failed to meet his burden. Therefore,

Petitioner's Motion to Vacate is DENIED.

## CONCLUSION

For the reasons below, Petitioner's Motion to Vacate is DENIED. Respondent's Motion

to Dismiss is GRANTED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of

a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by

demonstrating that reasonable jurists would find that an assessment of the constitutional claims is

debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable.

*Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir.

2001). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of

appealability is DENIED.

SO ORDERED.

This __1__ day of August, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE